STATE OF MINNESOTA

IN SUPREME COURT

A16-0674

FILED

December 8, 2016

OFFICE OF
APPELLATE COURTS



In re Petition for Disciplinary Action against
Jeremy Lloyd Brantingham, a Minnesota Attorney,
Registration No. 0299558.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Jeremy Lloyd Brantingham has committed a variety of professional misconduct warranting public discipline. Brantingham's financial misconduct includes depositing client funds into a non-trust "settlement" account, failing to maintain trust account books, allowing shortages to occur in his trust account, commingling client funds with substantial amounts of his own funds in his settlement account, allowing shortages to occur in his settlement account, and advancing funds to clients from his settlement account. Other misconduct includes failing to handle a client's claims diligently, failing to adequately communicate with the client regarding her claims, and failing to promptly provide the client with her file upon termination of the representation. *See* Minn. R. Prof. Conduct 1.3, 1.4(a)(3), 1.8(e), 1.15(a), 1.15(b), 1.15(c)(3), 1.15(h), and 1.16(d).

Brantingham and the Director have entered into a stipulation for discipline. In it, Brantingham withdraws his previously filed answer, unconditionally admits the allegations in the petition, and waives his procedural rights under Rule 14, Rules on

1

Lawyers Professional Responsibility (RLPR). The parties jointly recommend that the appropriate discipline is a 30-day suspension followed by 2 years of probation.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.     Respondent Jeremy Lloyd Brantingham is suspended from the practice of law for a minimum of 30 days, effective 14 days from the date of filing of this order.

2.     Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

3.     Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

4.     Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of the Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by this court.

5.     Within 1 year of the date of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

6. Upon reinstatement to the practice of law, respondent shall be subject to probation for 2 years, subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1. These books and records shall include the following: client subsidiary ledgers, checkbook register, monthly trial balance reports, monthly reconciliation reports, bank statements, canceled checks (if they are provided with the bank statements), duplicate deposit slips, bank reports of interest, service charges and interest payments to the Minnesota IOLTA Program, and bank wire, electronic or telephone transfer confirmations. Such books and records shall be made available to the Director within 30 days of the approval of this stipulation and thereafter shall be made available to the Director at such intervals as the Director deems necessary to determine compliance.

Dated: December 8, 2016

BY THE COURT:

David R. Stras
Associate Justice

3